1  **WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neale E. Smith, | ) No. CV 06-2932 PHX-FJM |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| | ) |
| Steven D. Leach, et al., | ) |
| Defendants. | ) |
| | ) |

The court has before it several related filings.

**I.**

We first turn to Judge Schroeder and Judge Collins' "Motion to Dismiss and Supporting Memorandum" ("Motion to Dismiss") (doc. 15), plaintiff's "Motion that Appearance of U.S. Attorney, Richard Glenn Patrick, in this Court as Defense Attorney of Federal Judge be Vacated; Representation being Violation of the Separation of Powers of the U.S. Constitution" (doc. 18), plaintiff's "Motion that Appearance of U.S. Attorney, Maggie H. Abuhaidar, in this Court as Defense Attorney of Federal Judges be Vacated; Representation being Violation of the Separation of Powers of the U.S. Constitution" (doc. 20) and Judge Schroeder and Judge Collins' "Reply Memorandum in Further Support of their Motion to Dismiss and in Opposition to Plaintiff's Motions to Vacate" (doc. 21).

Defendants argue that the claims against them are barred by the doctrine of judicial immunity. See Motion to Dismiss at 6-11. "Judges are absolutely immune from civil liability for damages for their judicial acts." Mullis v. United States Bankr. Court, 828 F.2d

1  1385, 1388 (9th Cir. 1987).  "A judge will not be deprived of immunity because the action
2  he took was in error, was done maliciously, or was in excess of his authority; rather, he will
3  be subject to liability only when he has acted in the clear absence of all jurisdiction."  Id.
4  (citations and internal quotations omitted).  This immunity applies to actions for damages,
5  and to actions for declaratory and injunctive relief.  Id. at 1394.

6        The allegations in plaintiff's complaint relating to Judge Collins arise out of Smith v.
7  DPS Officer, CV-05-00676-TUC-RCC, over which Judge Collins presided.  See Complaint
8  (doc. 1) at 3, 7-13, 14-15.  The complaint in that case alleged violations of the federal and
9  Arizona constitutions, and asserted jurisdiction pursuant to 28 U.S.C. 1331.  See CV-05-
10  00676-TUC-RCC doc. 1.  Defendants argue that Judge Collins' acts were judicial, and that
11  he had jurisdiction over CV-05-00676-TUC-RCC.  See Motion to Dismiss at 9-11.  Plaintiff
12  does not challenge these contentions.  Therefore, plaintiff's claims against Judge Collins are
13  dismissed with prejudice.

14        The allegations in plaintiff's complaint relating to Judge Schroeder arise out of the
15  Chief Judge's role in reviewing charges of judicial misconduct.  Complaint at 5.  We agree
16  with defendants that plaintiff complains of Judge Schroeder's performance of a judicial
17  function, see Motion to Dismiss at 11 (citing In re Doe, 70 F.3d 56, 60 (8th Cir. 1995)), and
18  that Judge Schroeder has jurisdiction over such matters, see id. (citing 28 U.S.C. § 352).
19  Defendants' contentions are undisputed.  Therefore, plaintiff's claims against Judge
20  Schroeder are dismissed with prejudice.

21        Plaintiff's contention that United States Attorneys should not be able to represent
22  federal judges because such representation violates, among other things, the doctrine of
23  separation of powers is without merit.  28 U.S.C. § 516 expressly authorizes the
24  representation here.  Therefore, plaintiff's motions are denied (docs. 18 and 20).

25  **II.**

26  We next address plaintiff's "Motion that Defendants be Declared in Default and that
27  Judgment be Rendered Against them and Motion that Motions Made by Defendants in
28

1 | Absence of Answer be Ruled Moot" (doc. 23), and Judge Collins and Judge Schroeder's
2 | Response (doc. 25).

3 | Plaintiff has yet to serve Judges Collins and Schroeder. See Motion to Dismiss at 15-
4 | 16. Nevertheless, defendants moved for dismissal pursuant to Rule 12(b)(1),(5) and (6) on
5 | May 23, 2007. That motion tolled the time for filing defendants' answers. See Rule
6 | 12(a)(4). Plaintiff's motion for default judgment is without merit. At all events, we have
7 | already ruled that plaintiff's complaint is subject to dismissal.

8 | **THEREFORE, IT IS ORDERED GRANTING** Judge Schroeder and Judge Collins'
9 | Motion to Dismiss (doc. 15).

10 | **IT IS FURTHER ORDERED DENYING**:

11 | (1) plaintiff's "Motion that Appearance of U.S. Attorney, Richard Glenn Patrick,
12 | in this Court as Defense Attorney of Federal Judge be Vacated; Representation
13 | being Violation of the Separation of Powers of the U.S. Constitution" (doc.
14 | 18);

15 | (2) plaintiff's "Motion that Appearance of U.S. Attorney, Maggie H. Abuhaidar,
16 | in this Court as Defense Attorney of Federal Judges be Vacated;
17 | Representation being Violation of the Separation of Powers of the U.S.
18 | Constitution" (doc. 20); and

19 | (3) plaintiff's "Motion that Defendants be Declared in Default and that Judgment
20 | be Rendered Against them and Motion that Motions Made by Defendants in
21 | Absence of Answer be Ruled Moot" (doc. 23).

22 | DATED this 14th day of August, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge