**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Neale E. Smith,<br><br>  Plaintiff,<br><br>vs.<br><br>Steven D. Leach, et al.,<br><br>  Defendants. | No. CV 06-2932 PHX-FJM<br><br>**ORDER** |

The court has before it defendants Leach, Staton, Ivanyi and Jones Skelton & Hochuli, P.L.C.'s motion to dismiss (doc. 12), plaintiff's "Motion that Defendants be Declared in Default and that Judgment be Rendered Against them and Motion that Motions Made by Defendants in Absence of Answer be Ruled Moot" (doc. 23), defendants' "Request for Summary Disposition" (doc. 26), defendants' "Response to Motion for Default" (doc. 27), plaintiff's "Reply to Motion for Default; Reply to Defendant's Request for Summary Disposition: Reply to Notice of Errata" (inadvertently filed as doc. 38 in CV 07-170-TUC-FJM), and defendants' "Response to Plaintiff's: Reply to Motion for Default: Reply to Defendant's Request for Summary Disposition: Reply to Notice of Errata" (doc. 28).

**I.**

Defendants Leach, Staton, Ivanyi and Jones Skelton & Hochuli, P.L.C. acted as counsel for the defendants in Smith v. Johnson, CV 05-676-TUC-RCC, another case brought

by plaintiff Neale E. Smith.  Judgment was entered there in favor of the defendants.  CV 05-676-TUC-RCC doc. 127.

Here, plaintiff's claims arise out of conduct that allegedly occurred throughout the course of CV 05-676-TUC-RCC.  Plaintiff alleges that defendants Leach and Staton "violated Rule 11(c)(1)(A) F.R.Civ.P. by filing two Motions for Sanctions, Dockets 62 and 63, without prior Service of 21 days" and that "[t]he Court should not have accepted Filing of either and should have rejected them both out of hand." Complaint (doc. 1) at 8-9.  Also, plaintiff contends that "[i]n tacit combination the Lawyers and Judge set up a trap for the Plaintiff." Id. at 10.  Plaintiff next alleges that "[m]ost egregious of all violations of the Attorneys was their failure to comply with Rule 33 INTERROGATORIES TO PARTIES." Id.  Plaintiff states that defendants Leach and Staton "made statements which at minimum were misrepresentations of the truth." Id. at 13.  These are the only allegations presented in support of plaintiff's claim that defendants Leach, Staton, Ivanyi and Jones Skelton & Hochuli, P.L.C. "either jointly or separately, have violated the U.S. CONSTITUTION, and AMENDMENTS THEREUNDER, FIRST, FIFTH, FOURTEENTH, NINTH, Laws of U.S. Congress and the FEDERAL RULES OF CIVIL PROCEDURE." Id. at 15.  We conclude that plaintiff's claims against these defendants not only relate to CV 05-676-TUC-RCC, but challenge that case's outcome.

Plaintiff has appealed the final judgment entered in CV 05-676-TUC-RCC.  Defendants argue that plaintiff's claims here constitute a collateral attack of the judgment in CV 05-676-TUC-RCC, and that we should not evaluate the merits of a case already on direct appeal.  See Motion to Dismiss at 10.  We may "entertain a collateral motion during the pendency of a direct appeal if 'extraordinary circumstances' outweigh the considerations of administrative convenience and judicial economy." See United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981) (citations omitted).  No extraordinary circumstances are present.  Therefore, plaintiff's claims as to defendants Leach, Staton, Ivanyi and Jones Skelton & Hochuli, P.L.C.'s are dismissed.

1    Plaintiff did not respond to the arguments presented in defendants' motion to dismiss.
2 Instead, nearly one month after his response to defendants' motion was due, he filed a motion
3 for default judgment. We agree with defendants, see Request for Summary Disposition at
4 2, that plaintiff's failure to respond to defendants' motion to dismiss is a consent to the
5 granting of that motion. Therefore, we alternatively dismiss plaintiff's claims pursuant to
6 LRCiv 7.2(i).

**II.**

8    Plaintiff's "Motion that Defendants be Declared in Default and That Judgment be
9 Rendered Against them and Motion that Motions Made by Defendants in Absence of Answer
10 be Ruled Moot" is without merit. We granted defendants an extension of time in which to
11 file their answer "or other responsive pleading." See May 14, 2007 Order (doc. 13).
12 Defendants had "through and including April 27, 2007" to file. See id. Therefore, their April
13 27, 2007 motion to dismiss was timely. The filing of that motion tolled the time for filing
14 defendants' answer. See Fed. R. Civ. P. 12(a)(4). Accordingly, we deny plaintiff's motion
15 for default, and his motion that defendants' motions be denied as moot.

**III.**

17    Defendants' "Response to Plaintiff's: Reply to Motion for Default; Reply to
18 Defendant's Request for Summary Disposition: Reply to Notice of Errata" responds to a
19 document plaintiff filed in a related case, CV 07-170-TUC-FJM. In the document filed in
20 the related case, plaintiff purported to (1) reply to two documents filed in this case
21 (defendants' response to plaintiff's motion for default and defendants' request for summary
22 disposition), and (2) reply to a notice of errata defendants filed in CV 07-170-TUC-FJM.
23 See CV 07-170-TUC-FJM doc. 38. The notice of errata was addressed in CV 07-170-TUC-
24 FJM. We will address plaintiff's remaining arguments as though they were filed here.
25    Plaintiff's reply in support of his motion for default argues that our order setting a
26 Rule 16 scheduling conference renders defendants' dispositive motions moot. See CV 07-
27 170-TUC-FJM doc. 38 at 4. Our "Order Setting Rule 16 Scheduling Conference" (doc. 24)

1  set a pretrial scheduling conference for October 19, 2007; it did not moot any pending
2  motions.

3        Plaintiff's "reply" to defendants' request for summary disposition does not undo our
4  decision to grant defendants' motion to dismiss pursuant to LRCiv 7.2(i) because of
5  plaintiff's failure to respond.  Even if we address the merits of plaintiff's arguments we do
6  not alter our conclusion.  Plaintiff contends that we should reject defendants' request for
7  summary disposition because "motions to dismiss for failure to state a claim are not favored
8  in Arizona nor in the Ninth Circuit."  CV 07-170-TUC-FJM doc. 38 at 1.  We reject this
9  argument.  A motion to dismiss for failure to state a claim is a legitimate way to attack a
10 complaint.  Next, plaintiff asserts that defendants' motions are without merit.  Id. at 2-4.
11 Plaintiff's conclusory statements do not rebut the sound arguments presented in defendants'
12 motions.

13       **THEREFORE IT IS ORDERED GRANTING** defendants Leach, Staton, Ivanyi
14 and Jones Skelton & Hochuli, P.L.C.'s motion to dismiss (doc. 12).  **IT IS FURTHER**
15 **ORDERED GRANTING** defendants Leach, Staton, Ivanyi and Jones Skelton & Hochuli,
16 P.L.C.'s "Request for Summary Disposition" (doc. 26).

17       **IT IS ORDERED DENYING** plaintiff's "Motion that Defendants be Declared in
18 Default and That Judgment be Rendered Against them and Motion that Motions Made by
19 Defendants in Absence of Answer be Ruled Moot" (doc. 23).

20       All claims against all parties having been resolved by this order and the companion
21 order filed this date, the clerk is directed to enter judgment on plaintiff's complaint in favor
22 of all defendants and against plaintiff.

23       DATED this 14th day of August, 2007.

24
25
26                 *Frederick J. Martone*
                Frederick J. Martone
27                 United States District Judge
28